IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Fields, | C/A No. 0:14-3061-BHH-PJG |
|       Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
|       Defendant. | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Michael Fields, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB").[1] Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

---

[1] The court notes that the ALJ's decision addresses both Fields's claim for DIB as well as his claim for Supplemental Security Income ("SSI"); however, Fields's Complaint and briefs in this matter appear to solely challenge the denial of his claim for DIB. To the extent that Fields's Complaint may be construed as challenging both aspects of the ALJ's decision, the following analysis would apply equally.



to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1)     whether the claimant is engaged in substantial gainful activity;

(2)     whether the claimant has a "severe" impairment;

(3)     whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)     whether the claimant can perform his past relevant work; and

(5)     whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).



## ADMINISTRATIVE PROCEEDINGS

In December 2008, Fields applied for DIB and SSI, alleging disability beginning December 5, 2008. Fields's application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on January 17, 2012, at which Fields, who was represented by League B. Creech, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on March 9, 2012 finding that Fields was not disabled. (Tr. 101-108.) The Appeals Council granted Fields's request for review and issued an Order on May 15, 2013 vacating the hearing decision and remanding the case for further proceedings. (Tr. 114-15.) Specifically, the Appeals Council found that the hearing decision did not provide an appropriate evaluation of severe impairments at Step Two of the sequential evaluation, and that new material evidence had been received, and instructed the ALJ to:

[1]   Consider the disability evaluation by the Department of Veteran Affairs, in accordance with Social Security Ruling 06-03p[;]

[2]   Further, if necessary, obtain evidence from a medical expert to clarify the nature and severity of the claimant's impairments [. . .;]

[3]   Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations [. . .;]

[4]   If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base []. The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identity examples of appropriate jobs and to state the incidence of such jobs in the national economy []. Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in



> the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations [].

(Id.) (citations omitted).

A second hearing was held on September 5, 2013, at which Fields appeared and testified. Fields continued to be represented by League B. Creech, Esquire. After hearing testimony from a vocational expert, the ALJ issued a decision on September 25, 2013 finding that Fields was not disabled. (Tr. 18-28.)

Fields was born in 1966 and was forty-two years old on December 5, 2008—the alleged disability onset date. (Tr. 304.) He has a college education and has past relevant work experience as an electrician, an accountant, a landscaper, and as a soldier in the United States Army. (Tr. 350, 355-56.) Fields alleged disability due to back and knee problems, shoulder pain, gout, spondylosis, migraines, cholesterol, and high blood pressure. (Tr. 348.)

In applying the five-step sequential process, the ALJ found that Fields had not engaged in substantial gainful activity since December 5, 2008—the alleged onset date. The ALJ also determined that Fields's status post right knee debridement, status post right shoulder SLAP repair, lumbar spine degenerative disc disease, cervical spine strain, obstructive sleep apnea, migraine headaches, and gout were severe impairments. However, the ALJ found that Fields did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Fields retained the residual functional capacity to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Specifically, the claimant is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for six hours in an eight-hour day, and stand and walk occasionally. The claimant can occasionally climb, and can occasionally perform



overhead reaching with the bilateral upper extremities, but can frequently balance, stoop, kneel, crouch, and crawl. He must avoid workplace hazards such as unprotected heights or dangerous, moving machinery, and must be able to alternate between sitting and standing every 45-to-60 minutes.

(Tr. 22.) The ALJ found that Fields was capable of performing past relevant work as an accounting clerk, and that this work did not require the performance of work-related activities precluded by Fields's residual functional capacity. Therefore, the ALJ found that Fields was not disabled from December 5, 2008 through the date of his decision.

The Appeals Council denied Fields's request for review on May 27, 2014, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id.



Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

For this judicial review, Fields argues that the ALJ's decision is unsupported by substantial evidence, that the ALJ erred in failing to follow the treating physician rule, and that the ALJ erred in failing to give significant weight to a Department of Veterans Affairs ("VA") disability rating. (Pl.'s Br., ECF No. 16.)

## DISCUSSION

Fields first summarily argues that his "complaints of pain are consistent throughout the voluminous records. The ALJ's decision grossly overestimates Mr. Fields' level of functioning and is quite selective in choosing those medical records to which significant weight was afforded." (Pl.'s Br. at 7, ECF No. 16 at 7.)[3] However, Fields provides no further support for this argument. Moreover, upon review of the ALJ's decision and the record in this matter, the court finds that Fields has failed to demonstrate any error by the ALJ warranting reversal or remand of this matter on this basis.

Fields next argues that the ALJ erred in failing to follow the treating physician rule and in failing to give an opinion of Dr. Robert Rectenwald great weight. As an initial matter, Fields's argument appears to hinge on the contention that Dr. Rectenwald was Fields's treating physician. However, contrary to Fields's argument and as argued by the Commissioner, there is no indication in the record that Dr. Rectenwald was a treating physician, as the record does not contain any records

---

[3] Fields also submitted a reply brief; however, the substance of the argument contained in the reply brief is an exact reproduction of the arguments in the Fields's initial brief.



of examinations or treatment by Dr. Rectenwald. See 20 C.F.R. § 404.1502 (defining "treating source"; "nontreating source"; and "nonexamining source"). Rather, the record reflects that Dr. Rectenwald issued an opinion entitled Compensation and Pension Examination Report, reviewing Fields's employability. (Tr. 708-09, *reproduced at* Tr. 828-29.) After summarizing Fields's subjective reports, Dr. Rectenwald stated as follows:

> Employability—Given the limitation imposed by his back as documented in the examination. The gouty pain of the ankles and other joints. Veteran could only perform the most sedentary of jobs. His back further limits him in that he cannot stay in one position long enough to perform even sedentary jobs. Based on the veteran's history and the examination as documented in February 2010, veteran is currently unemployable. The likelihood of a person returning to work after being off for six months is virtually zero. Therefore he is probably permanently unemployable.

(Tr. 709, *reproduced at* Tr. 829.)

However, regardless of the source, the Commissioner will evaluate every medical opinion received. 20 C.F.R. § 404.1527(c). In evaluating medical opinions, generally more weight is given to the opinions of an examining source than a non-examining one. Id. Additionally, more weight is generally given to opinions of treating sources than non-treating sources, such as consultative examiners. Id. Further, an ALJ generally considers the length and nature of the source's treatment relationship with the claimant, the supportability of the opinion, the opinion's consistency with the other evidence in the record, whether the source is a specialist, and any other factors that may support or contradict the opinion. Id.

In this case, after summarizing Dr. Rectenwald's opinion, the ALJ found as follows:

> This opinion has been evaluated, and has been given some weight to the extent that the claimant can engage in sedentary work. However, Dr. Rectenwald's evaluation appears to be based solely on claimant's subjective complaints and his history. Further, his evaluation also appears to offer a vocational opinion, but the vocational expert testified at the hearing that the claimant could return to his past relevant work



as an accounting clerk, where he would be able to alternate between sitting and standing. Lastly, Dr. Rectenwald's opinion that the claimant's ability to return to work after being off for six months is virtually zero has been accorded no weight, as this opinion is not a medical opinion, and is merely speculative.

(Tr. 26.) Thus, the ALJ's decision clearly reflects consideration of the relevant factors, and Fields has failed to demonstrate that the ALJ's evaluation of this opinion was unsupported by substantial evidence or controlled by an error of law.[4] See 20 C.F.R. § 404.1527(c) (discussing the applicable factors in evaluating medical opinions); 20 C.F.R. § 404.1527(d) (explaining that the issue of whether a claimant is disabled or unable to work is reserved to the Commissioner and opinions by medical sources on that point are not entitled to special significance).

Finally, Fields argues that the ALJ erred in failing to afford significant weight to the disability rating of the Department of Veterans Affairs, citing Bird v. Astrue, 699 F.3d 337 (4th Cir. 2012).[5] Pertinent here, in Bird, the United States Court of Appeals for the Fourth Circuit addressed for the first time the weight that the Social Security Administration must afford to a Department of Veterans Affairs ("VA") disability rating. Specifically, the Bird Court held that

> in making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give

---

[4] Fields also appears to argue that remand is warranted to develop the issue of whether Dr. Mikell's statement relates to the period on or before the ALJ's decision; however, there does not appear to be an opinion from a Dr. Mikell in the record and there do not appear to be any opinions that were not were not considered by the ALJ or the Appeals Council. Therefore, it is unclear whether this argument includes a typographical error or was unintentionally included in Fields's brief and reply.

[5] To the extent that Fields describes this Veterans Affairs rating decision as finding Fields was unemployable, as noted by the Commissioner, the decision expressly states that "[e]ntitlement to individual unemployability is a moot point because you are currently service connected at 100 percent schedular evaluation. Therefore Individual unemployability is moot." (Tr. 715.)



>   less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

Bird, 699 F.3d at 343.

>   Here, the ALJ stated that he
>
>   considered the March 2011 letter from the Department of Veterans Affairs with the new impairment rating, in which the claimant was awarded a 30-percent impairment for cervical spondylosis, 20-percent impairment for left shoulder impingement, a 40-percent impairment for lumbosacral strain, a 50-percent impairment for obstructive sleep apnea, a 30-percent impairment for migraines, a 10-percent impairment for left knee strain with degenerative changes and gout, a 10-percent impairment for right shoulder strain, a 10-percent impairment for right knee strain with gout, and 10-percent impairment for left and right ankle gout, and a 10-percent impairment for seborrheic dermatitis, due to service-connected disabilities by that agency.

(Tr. 26-27). The ALJ observed that "[d]eterminations of disability made by other agencies, however, are not binding on the Social Security Administration or determinative of disability under Social Security Law." (Tr. 27) (citing 20 C.F.R. §§ 404.1504, 416.904). The ALJ continued, stating that "[w]hile the disability rating provided by the Department of Veterans Affairs provides some insight into the severity of claimant's impairments under that agency's regulations, I assign it little weight as the medical records discussed at length above fail to support a conclusion that claimant is disabled under Social Security's regulations." (Tr. 27.)

Fields generally argues that his "voluminous medical evidence shows continued and ongoing complaints of pain due to his multiple medical conditions and support the VA decision of disability." (Pl.'s Br. at 8, ECF No. 16 at 8.) However, the ALJ's decision reflects that he found Fields's subjective complaints to be exaggerated. As pointed out by the ALJ, the records reflect that in April 2012, a VA physician "noted that while the claimant reported he was unable to work due to shoulder and back pain, he had not had any real treatment in years"; during two 2012 visits, Fields reported



that "his pain was a ten on a one-to-ten pain scale, but during both appointments, the claimant was smiling, sitting comfortably, and able to converse easily with the medical provider"; in March 2012, Fields "requested a different physician, after his current physician was unwilling to declare him disabled and unable to work"; Fields "exhibited some drug-seeking behavior, particularly by requesting more pain medication in November 2012, even though a physical examination was essentially normal"; Fields has reported he has no problems performing personal care independently and is able to iron twice a week, go shopping in stores, ride in a vehicle, drive a vehicle occasionally, go to the library twice a week, and watch television. (Tr. 25-26.) Fields's summary argument fails to demonstrate that the ALJ's findings and evaluation of this evidence was unsupported by substantial evidence or that the ALJ incorrectly applied applicable law. See Bird, 699 F.3d at 343 (stating that "an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate").

## RECOMMENDATION

For the foregoing reasons, the court finds that Fields has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 30, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).